MARTIN, Respondent, v. COMMERCIAL UNION ASSURANCE COMPANY, Appellant.

(170 N. W. 147).

(File No. 4421.  Opinion filed December 31, 1918.)

**Insurance—Fire Insurance—Plunge Bath House—Injury to Neighboring Boiler House, Description, Whether Covering—"Fixtures."**

Under a fire insurance policy, covering a plunge bath house building, including "water and steam pipes and fittings, * . * and all other fixtures belonging to and constituting a permanent part of said building," **held**, that a boiler house standing upon lots, only a part of which lots were described by the policy, but, together with intervening lots and those so described, belonging to insured, said boiler house being connected with the plunge bath building only by underground pipes used for carrying water from the boiler to the plunge, was not covered

by the policy; the insurance being not upon the plant as a whole, but upon the plunge bath house building and fixtures constituting a permanent part of said building; that said boiler house was not such fixtures; construing Civ. Code, Sec. 188; nor does the fact that the boiler house is a utility in the plant bring it within the terms of the policy.

Polley, J., not sitting.

Appeal from Circuit Court, Fall River County. Hon. Levi McGee, Judge.

Action by Jessie A. Martin, against the Commercial Union Assurance Company, a corporation, to recover upon a policy of fire insurance. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Sylvester V. Williams,* and *W. G. Rice,* for Appellant.

*Chambers Kellar,* and *Norman T. Mason,* for Respondent.

Appellant cited:

Libenstein. v. Baltic Fire Ins. Co., 45 Ill. 301; Libenstein v. Aetna Ins. Co., 45 Ill. 303; Peoria Sugar Refining Co., v. People's Fire Ins. Co., 24 Fed. 773.

Respondent cited:

19 Cyc. 666.

GATES, J. Action on a fire insurance policy. Judgment for plaintiff. Defendant appeals.

It is conceded that, if there is any liability on the part of the insurer, it arises under the following cluase of the policy.

"$1,500.00, on her wooden, steel frame, shingle and glass roof plunge bath house building, including foundations, water and steam pipes and fittings, electric light fixtures and wiring, door and window screens, awnings, plate, ornamental and stained glass and all other fixtures belonging to and constituting a permanent part of said building while situated on lots ten (10), eleven (11), and twelve (12), in block one (1)," etc.

Recovery was claimed by plaintiff and allowed by the trial court for damage to a boiler house not upon the lots described in the policy and for damages to certain redwood water pipe stored at the boiler house.

It appears that the plunge bath building occupies seven lots, although only three of them are described in the policy. It is not claimed by the insurer that it is not liable for a loss thereto, although such loss occurs to the portion not situated on the

described lots.   The boiler house was situated on a lot not adjacent to those on which the plunge bath building was situated, but the insured owned the intervening premises.   It was not connected in any way with the plunge bath building, except by underground pipes used for carrying water from the boiler to the plunge.   The insured would have us interpret the policy as though the whole plunge bath plant were insured, which was the interpretation adopted by the trial court.

We are not unmindful of the rule which requires us to lean in favor of the insured in resolving ambiguities in insurance policies, but we find no ambiguity in this policy.   The insurance was placed, not upon the plant as a whole, but upon the plunge bath house building "and all other fixtures belonging to and constituting a permanent part of said building."   It is apparent that the boiler house was not a "fixture" to the plunge bath building, nor was it any part of said building, either permanent or otherwise.   The mere fact that the two buildings were connected by water pipes does not make one a fixture to the other.   The definition of "fixture" in section 188, C. C., does not contemplate such a situation.

Nor does the fact that the boiler house is a utility in the plant bring it within the terms of the policy.   The point was well brought out in the decisions in Liebenstein v. Baltic Fire Ins. Co., 45 Ill. 301, and Liebenstein v. Etna Ins. Co., 45 Ill. 303.   In the one case, the insurance was on stock in a factory.   The insurance was held to cover stock in other buildings used in connection with the main factory building.   In the other case, the property was described as stock contained in the two-story frame building occupied by insured as a chair factory.   In the latter case, recovery for loss to stock in the other buildings was denied.

We hold that the boiler house was not a fixture "belonging to and constituting a permanent part of said" plunge bath house building, and therefore that respondent may not recover for loss to the boiler house nor to the wooden pipe stored thereat.

The judgment and order denying a new trial are reversed.

POLLEY, J., not sitting.