No. 24,468.

L. C. BROWN, *Appellee*, v. THE RESERVE HEALTH & ACCIDENT INSURANCE COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. ACCIDENT INSURANCE—*Partial Disability—Compensation.* A claim against an accident insurance company for partial disability was properly allowed where the policy provided that the insured shall be paid one-half the weekly indemnity following total disability where it was found that, because of an accident, he was unable to perform essential daily duties.

2. SAME—*Settlement a Question of Fact.* Whether or not, under all the circumstances of the case, there was a settlement between the parties was a question of fact for the jury.

3. SAME—*Instructions.* The instructions complained of are held not to have been materially erroneous.

4. SAME—*Evidence Supports Verdict and Judgment.* The evidence examined and found sufficient to support the general verdict of the jury and judgment of the court.

5. SAME—*Other Objections Without Merit.* Other objections examined and held not to have been material.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed October 6, 1923. Affirmed.

*Robert Stone, George T. McDermott, Robert L. Webb, Berl R. Johnson,* all of Topeka, and *Walter T. Matson,* of Wichita, for the appellant.

*Z. Wetmore, Fred Hinkle,* and *George M. Ashford,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: Plaintiff recovered on two accident and health policies of insurance, and defendant appeals.

The plaintiff was an employee of The Colman Lamp Company in its factory at Wichita, Kan. His business was to assemble gasoline lamps. On January 31, 1921, an explosion occurred, in which he was severely burned on the neck and shoulder. He remained at home from that time until the 15th day of August, 1921, when he returned to the factory. He worked from that time until the bringing of this action in February, 1922, with the exception of about four weeks from September 19 to October 19, during which time he was incapacitated on account of appendicitis. He was paid the indemnity covering the total disability until the 15th of August.

The present action was for partial loss of time from August 15, 1921, until February 15, 1922, excepting the time of enforced idleness on account of appendicitis.

1. The defendant contends that plaintiff's claim was not covered by the contract of insurance;

2. That if a liability existed the same was fully paid and satisfied by a settlement, accord and satisfaction;

3. That plaintiff did not comply with the terms of the policy.

1. The policies were identical except as to the amount of indemnity. Plaintiff's claim was based upon clause C of each policy. If there was liability it amounted to $5 per week under one policy and $2.50 under the other, or a total liability of $7.50 per week for a period of twenty-one weeks. The policy recites that it insures L. C. Brown against loss of life, limb or sight in certain amounts shown in the schedule, "and against loss of time resulting from such injury . . . in the sum of $10 per week herein called 'weekly indemnity' . . . all in the manner hereinafter provided and subject to the conditions hereinafter contained. . . . .

"FOR PARTIAL LOSS OF TIME.

"Section C: The Company will pay indemnity at the rate of One-Half the Weekly Indemnity for each whole day, not exceeding six months immediately and continuously following the accident or following total disability, that the insured is partially disabled and prevented solely by such injury from performing important daily duties essential to his business or occupation and is under the regular treatment of a licensed physician."

The testimony showed that after plaintiff returned to work he was not able to perform all the duties he had performed before the accident because of the injury to his arm and shoulder. There was testimony that since the accident he had earned $6.50 or $7 per week less than before the accident, also some evidence showing that, before the accident, he had earned $33.04 per week; that after the accident he earned $19.50. It is not necessary, however, to here detail the evidence. It was sufficient to sustain the verdict and judgment if plaintiff was entitled to recover under the provisions of section C of the policy. Consideration of the language of section C is necessary. It is a well-settled rule that where a policy of insurance is so drawn as to require an interpretation, a construction most favorable to the insured will be adopted, for the reason that the company prepares the contract of insurance, thereby selecting its own language.

(*Insurance Co. v. Milling Co.*, 69 Kan. 114, 76 Pac. 423; *Fire Association v. Taylor*, 76 Kan. 392, 91 Pac. 1070; *Evans v. Accident Association*, 102 Kan. 556, 171 Pac. 643; *Thompson v. Phœnix Ins. Co.*, 136 U. S. 287; *Metropolitan P. G. & C. Co. v. Hawes' Extx.*, 150 Ky. 52.)

Section C makes two conditions precedent to plaintiff's right of recovery. He must have been partially disabled, by reason of which he was prevented from performing important daily duties essential to his business or occupation, and he must have been under treatment of a licensed physician.

The defendant contends that the language of section C means insurance against "loss of time." The contention is not sound; such a construction of the language is not reasonable. It specifies that the insured shall be paid "one-half the weekly indemnity following total disability where he is prevented from performing important daily duties essential to his business." It was found that he was unable to perform essential daily duties, and because of his inability to so perform them he could not earn the wages he had theretofore earned. The defendant's argument would nullify the effect of section C. It contends:

"The defendant did not insure the plaintiff during the time which the plaintiff might be partially disabled, nor did the defendant agree to indemnify the plaintiff against any loss of earning power that he might sustain by reason of a partial disability. In this case there was no loss of time."

It appears more reasonable to say that plaintiff, because of the accident, was prevented from doing daily essential duties in his business for a period of twenty-two weeks immediately following the total disability. He was prevented from doing those "essential duties for each whole day immediately and continuously . . . following total disability." While the defendant may not have insured plaintiff against loss of earning power, it did insure him against partial disability, and such partial disability reduced his earning power. The defendant contends that the partial disability was not continuous because of the interruption by the attack of appendicitis. This was a question of fact. The testimony showed, and the jury, by its general verdict, found that, after plaintiff returned to work on August 15, he was partially disabled because of the accident. This disability continued until he was stricken with appendicitis, on account of which he was laid up for a period of four weeks, following which his partial disability from the accident con-

tinued. It must have been continuous and caused by the accident, unless it resulted from the attack of appendicitis. If his continued partial disability had been a result of the attack of appendicitis or some other cause, the fact might have been shown by the defendant. The condition continued after plaintiff returned to work following the appendicitis. It must, therefore, have been continuous. The question was decided adversely to defendant's claim, and we see no reason here to change it. Such partial disability was continuous. It followed total disability and was caused solely by the accident. A number of authorities cited by defendant appear to have no application here. It relies on the case of *Blue Grass Traction Co. v. Ingles,* 140 Ky. 488. We are unable to see how this case sustains defendant's position. In discussing the right of a plaintiff to recover for loss of time and for impairment of power to earn wages or partial loss of time, the court there said:

"There ought not, of course, to be an allowance of loss of time and for impairment of the power to earn money during the same period, as this would allow the injured party to recover double damages . . . when there is a claim for special damages based on time lost, and also a claim for partial or permanent injuries, and as a consequence impairment of the power to earn money for any length of time or forever, as the case may be, the allowance for the impairment of the power to earn money, whether it be temporary or permanent, should begin when the allowance for lost time on account of the total disability ends. This measure will give to the injured party opportunity to recover full compensation on account of loss due to inability to labor in whole or in part . . . This rule as to beginning the allowance for the impairment of the power to earn money at the time that the allowance for loss of time ends, in order to prevent the assessment of double damages, when there is a claim for lost time as well as impairment, has been frequently recognized as correct by this court." (pp. 495, 496.)

There was ample evidence showing that the plaintiff, during his illness, was under the regular treatment of a licensed physician.

2. The defendant contends that if there was a liability on the part of the defendant, the same was fully settled and discharged. The evidence shows that the defendant paid the plaintiff $7.50 on Saturday, August 13, which was a weekly indemnity for the week ending on Tuesday, the 16th. The defendant's agent had been accustomed to paying the weekly indemnity on Tuesday. There was testimony that the consideration of the receipt was $7.50; that the defendant owed the plaintiff that sum, and, since the plaintiff was going to work the following Monday, defendant's agent would pay him while he was there. The defendant contends that it paid the

plaintiff for at least one day more than he, was entitled to for the weekly indemnity. The defendant, in its answer, alleged "payment, accord and satisfaction" and set up a copy of the receipt. There is considerable controversy as to whether or not the plaintiff properly met this pleading and whether or not he was bound by the alleged settlement. The plaintiff had filed a reply of general denial which he was permitted to verify during the trial. This was a matter within the discretion of the trial court, and under the liberal rules of practice, was not reversible error. Whether or not there was a settlement was a question of fact which was determined by the jury in favor of the plaintiff under sufficient instructions. It would serve no useful purpose to here detail the testimony or set out the instructions. The testimony was sufficient and the instructions ample to cover this phase of the controversy. We have considered the defendant's complaint of the instructions, and other alleged errors, but find no reversible error.

The judgment is affirmed.