No. 25,307.

T. W. SPENCER, *Appellee*, v. THE KANSAS CASUALTY AND SURETY COMPANY and VINCENT F. HIEBSCH, Receiver, *Appellants*.

SYLLABUS BY THE COURT.

1. ACCIDENT INSURANCE—*Construction of Policy—Permanent Injuries Received During Life of Policy—Indemnity Payable During Insured's Life.* Under an accident insurance policy issued to a fireman, insuring him against bodily injury sustained during the term of the policy, which injury shall directly, immediately, wholly and continuously disable the insured from attending to any and every kind of duty pertaining to his business as a fireman, liability is not limited to any period short of the insured's life for a permanent injury sustained by him during the term for which the policy was issued.

2. SAME—*Instructions Concerning Consideration of Standard Annuity and Mortality Tables Not Erroneous.* In an action on an accident insurance policy it is not reversible error for the court to instruct the jury that it may consider standard anuity tables to ascertain the cost of a weekly annuity, and standard mortality tables to ascertain the life expectancy of the insured, where experts testified concerning the cost of such annuity and the life expectancy of the insured, all based on such tables, although the tables themselves were not introduced in evidence.

3. SAME—*Admission of Conclusions of Expert Witnesses Not Erroneously Admitted in Evidence.* A judgment will not be reversed because expert witnesses were permitted to testify to their conclusions from standard annuity and mortality tables concerning the cost of an annuity and the life expectancy of a person whose general condition of health was disclosed by the evidence and whose age was definitely given.

4. SAME—*Admission of Immaterial Evidence Not Prejudicial.* A judgment will not be reversed for the admission of immaterial evidence which does not appear to have been prejudicial.

5. SAME—*Instruction as to Construction of Contract of Insurance.* An instruction complained of does not leave to the jury the construction of a contract of insurance.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed July 5, 1924. Affirmed.

*Fred B. Stanley, Vincent F. Hiebsch,* and *J. B. Patterson,* all of Wichita, for the appellants.

*Charles G. Yankey, W. E. Holmes, D. W. Eaton,* and *John L. Gleason,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: On May 8, 1922, the plaintiff brought this suit on two causes of action: the first to recover in a lump sum damages sustained by him on account of the defendant's failure and refusal to continue the payment, under an accident insurance policy, of a weekly indemnity due the plaintiff for permanent injury and disability; and the second to recover ten weekly payments which had accrued at the time the action was commenced. Judgment was rendered for the plaintiff on both causes of action, and the defendants appeal.

The plaintiff introduced evidence which tended to show that he was a fireman in the city of Wichita and carried a policy of accident insurance in the defendant company on April 22, 1917, when he suffered an accidental injury which resulted in his permanent disability to perform any of the substantial duties of his occupation; that the defendant company paid the plaintiff, as provided in the policy, a weekly indemnity of $15 a week from the date of the accident until February 26, 1922; that on March 2, 1922, defendant Hiebsch was appointed receiver for defendant company by the district court of Sedgwick county; that the receiver refused to continue the weekly payments to plaintiff; that the policy provided for weekly payments while the assured was disabled "from attending to any and every kind of duty pertaining to his business or occupation"; that at the time of the trial the plaintiff was 52 years old; that so far as his bodily health was concerned, he would have the same normal life expectancy as any other normal average person; that the expectancy for a man of 52 years is 19.5 years; and that the value of a life annuity of $15 a week to a man 52 years old is $10,492.28, based on McClintock's annuity mill tables, 3½ per cent interest compounded annually, or $11,630.17 on the basis of the

rate book of the New York Life Insurance Company, 3 per cent interest compounded annually.

The defendants introduced evidence to show the length of time the plaintiff might have expected to continue his work as a fireman had' he not been injured; to show the value of an annuity of $15 a week for that length of time, computing interest at 6 per cent; and to show that the plaintiff's physical condition, aside from his injuries, was such that he probably would not live to the normal expectancy.

The jury found that the plaintiff had a probable expectancy of 780 weeks, or 15 years, and returned a verdict for the plaintiff for $9,350 on the first cause of action and $161.85 on the second cause of action.

1. Defendants argue that the damages allowed the plaintiff should be based on the number of years he would have been able to work as a fireman had the injury not occurred, and that the court erred in refusing to give certain instructions requested by the defendants to that effect. This compels an examination of the terms of the policy. So far as necessary for such examination, the policy read as follows:

"The Kansas Casualty and Surety Company, Wichita, Kansas (hereinafter called the company), in consideration of the agreements and statements in the schedule of warranties indorsed hereon and made a part hereof, which the assured makes and warrants to be true and material by the acceptance of this policy, and of fifty-four and no/100 dollars premium:

"Does hereby insure T. W. Spencer (hereinafter called the assured) for the term of 12 months, from noon, standard time, at the place where this policy is countersigned of April 18th, 1915, but this policy may be renewed subject to all the provisions of the policy from term to term of 12 months, by the payment of such premium in advance:

"Against bodily injury sustained during the term of this policy through external, violent and accidental means (excluding suicide, sane or insane, or any attempt thereat, sane or insane) and resulting directly, independently and exclusively of all other causes in immediate and continuous disability as specified in the following schedules, respectively:  .  .  .

"Or if such injury shall not result in any of the losses enumerated in section one, but shall directly, immediately, wholly and continuously disable and prevent the assured from attending to any and every kind of duty pertaining to his business or occupation, the company will pay, while so disabled, a weekly indemnity of $15.00."

The limitation of liability contended for by the defendants is not found in the policy. The rule of construction which must be followed if the contention of the defendants is sustained is not the one followed by the courts in construing policies of insurance. (*Insurance*

*Co. v. Milling Co.,* 69 Kan. 114, 76 Pac. 423; *Bank v. Insurance Co.,* 91 Kan. 18, 137 Pac. 78; *Evans v. Accident Association,* 102 Kan. 556, 171 Pac. 643; *Brown v. Accident Insurance Co.,* 114 Kan. 337, 338, 219 Pac. 505.)   If the insurance company had desired to thus limit its liability it should have so stated in the policy issued; that was not done.   The contention cannot be sustained.

2.   Defendants contend that "the court erred in giving instruction No. 11, in which the jury was instructed:

"In this connection you are instructed that you are entitled to consider standard and generally accepted annuity and mortality tables for the ascertainment of plaintiff's life expectancy, as well as all other facts proved and established in this case bearing upon the probable extent of plaintiff's life."

The quoted instruction is not all that was given on that subject. The court also gave the following:

"You are further instructed that certain evidence has been admitted in this case, both on behalf of the plaintiff and on behalf of the defendant, tending to prove the natural expectancy of life of the plaintiff in the condition in which he now is.   That because of the fact of the election of the receiver to refuse to carry out and continue the contract, that the plaintiff, if he is entitled to recover at all, is entitled to recover, if you find that he is permanently disabled within the terms and meaning of the conditions of the policy, for the rest of his life.   For that reason, the question of the expectancy of the life of the plaintiff becomes a material issue in the case, and the jury should consider all of the evidence introduced in the case bearing upon such issue in determining and arriving at their findings in the case."

There was no reversible error in the instruction complained of.

3.   Complaint is made concerning evidence introduced by the plaintiff to show his life expectancy and to show the cost of an annuity of $15 a week for the remainder of the life of the plaintiff. Annuity and mortality tables were not introduced in evidence. Witnesses testified that according to those tables of annuities and mortality the plaintiff had a certain expectancy of life, and that the premium in a lump sum for an annuity of $15 a week for that length of expectancy amounted to a certain sum.   The courts take judicial notice of standard tables of life expectancy.   (*Railway Co. v. Ryan,* 62 Kan. 682, 64 Pac. 603.)   It was not necessary to introduce them in evidence.   The court does not see why a judgment should be reversed because witnesses were permitted to testify that according to those tables certain conclusions could be reached.   The evidence of those witnesses was in the nature of expert evidence.   The tables could have been introduced in evidence, but it would have been necessary for the witnesses to have testified in the same manner to

Leinbach v. Railroad Co.

enable the jury to reach proper conclusions from those tables. The failure to introduce the tables in evidence and the irregularity in permitting witnesses to testify from those tables without their being introduced in evidence is not sufficient to justify, let alone compel, a reversal of the judgment.

4. Another matter urged by the defendants is that "the court committed error prejudicial to the defendants in permitting incompetent evidence as to the difficulties which the plaintiff had in collecting a part of the fifteen-dollar payments prior to the appointment of a receiver, and in giving instruction No. 10, which is based purely upon this incompetent testimony." This evidence may have been immaterial, but the court does not see wherein it could have been prejudicial. It comes within the rule often declared that a judgment will not be reversed for the admission of immaterial but nonprejudicial evidence. Section 60-3317 of the Revised Statutes also prohibits the reversal of the judgment in this action for the admission of that evidence.

5. The defendants also argue that "the court erred in giving instruction No. 6, for the reason that it apparently left to the jury the construction of a written contract, where there was no question of fact involved." A careful reading of all the instructions discloses that the construction of the contract was not left to the jury.

Other complaints concerning the instructions have been examined, and reversible error is not found in any of them.

The judgment is affirmed.