No. 27,458.

Oscar Hoskins, as Administrator, etc., *Appellant*, v. The North American Accident Insurance Company, *Appellee*.

SYLLABUS BY THE COURT.

Accident Insurance—*Construction of Policy—Rule Favoring Insured—"Such" Construed.* Under the general rule that where an accident insurance policy is open to more than one construction, and for that reason requires an interpretation, *held*, it should be construed most favorably to the insured, and in this case the word "such" to refer to public cars as well as private cars.

Appeal from Wyandotte district court, division No. 4; Charles A. Miller, judge. Opinion filed June 11, 1927. Reversed.

*J. H. Brady* and *T. F. Railsback*, both of Kansas City, for the appellant.

*J. E. McFadden* and *O. Q. Claflin, Jr.*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This is an action calling for the construction or interpretation of the language of an accident insurance policy, particularly as to whether the word "such" refers only to the vehicles and cars mentioned in the clause preceding it or includes by reference the vehicles and cars described in the two preceding clauses. The whole paragraph in the insurance policy reads as follows:

"If the insured shall, by the wrecking or disablement of any railroad passenger car or passenger steamship or steamboat, in or on which such insured is traveling as a fare-paying passenger; or, by the wrecking or disablement of any public omnibus, street railway car, taxicab, or automobile stage, which is being driven or operated, at the time of such wrecking or disablement, by a licensed driver plying for public hire, and in which such insured is traveling as a fare-paying passenger; or, by the wrecking or disablement of any private horse-drawn vehicle, or private motor-driven car in which insured is riding or driving, or, by being accidentally thrown from such vehicle or car, suffer any of the specific losses set forth below in this part I, the company will pay the sum set opposite such loss."

On the second day of September, 1924, Nellie Hoskins, of Kansas City, Kan., took out an accident insurance policy with the defendant company, the North American Accident Insurance Company, for $1,000, which policy contained the above quoted paragraph, described and known as part I. On January 22, 1925, she became a fare-paying passenger on one of the street cars of the receivers of

Accident Insurance, 1 C. J. p. 414 n. 27. Contracts, 13 C. J. p. 535 n. 62. Insurance, 32 C. J. pp. 1151 n. 78, 1152 n. 86, 95; 14 R. C. L. 926.

the Kansas City Railways Company, in Kansas City, Kan., being then and there operated for hire by a licensed driver or motorman and conductor, and on account of the carelessness and negligence of the railway company, its servants and employees, in handling and operating said street car, she was thrown and hurled from the street car with such great force and violence that her neck was broken and she died instantly. Her husband, Oscar Hoskins, as administrator of her estate, brought an action against the accident company in the district court of Wyandotte county, fourth division, to recover $1,000 from said company and six per cent interest thereon from the date of the accident. The answer of the company admits the statement of facts alleged in the petition and reiterated them in the answer, so that there is no dispute as to the facts and circumstances. Trial was had by the court and the case was submitted on the pleadings without the introduction of evidence. The court decided in favor of the plaintiff, and on motion for a new trial granted the same and rendered judgment for the defendant insurance company.

The defendant company contended and still contends that the word "such" in the fourth clause of the policy relates only to the clause immediately preceding it, which refers to a private horse-drawn vehicle or a private motor-driven car, and asserts that there is no liability of the company in this particular case because the deceased was accidentally thrown from a public car as is described in the first and second clauses of the quoted paragraph and not from a private car as mentioned in the third clause.

Our attention is directed to the separation of the third and fourth clauses by a comma only, whereas the first and second are followed by semicolons, which naturally might lead to the conclusion that the intention was to connect the fourth with the third only and separate it from the two preceding clauses. If we accept this as conclusive we are, by the same reasoning, confronted with the situation of having none but the last or last two clauses provided with any remuneration in case of loss, the first and second being cut off by punctuation, so that there would be no liability for accidents under the circumstances described therein. Does not the following more reasonably express the intention of all parties to the contract:

(1) "If the insured shall, by the wrecking or disablement of any railroad passenger car or passenger steamship or steamboat, in or on which such insured is traveling as a fare-paying passenger, . . . suffer any of the spe-

cific losses set forth below in this part I, the company will pay the sum set opposite such loss."

(2) "If the insured shall, . . . by the wrecking or disablement of any public omnibus, street railway car, taxicab, or automobile stage, which is being driven or operated, at the time of such wrecking or disablement, by a licensed driver plying for public hire, and in which such insured is traveling as a fare-paying passenger, . . . suffer any of the specific losses set forth below in this part I, the company will pay the sum set opposite such loss."

(3) "If the insured shall, by the wrecking or disablement of any . . . private horse-drawn vehicle, or private motor-driven car in which insured is riding or driving, . . . suffer any of the specific losses set forth below in this part I, the company will pay the sum set opposite such loss."

(4) "If the insured shall, . . . by being accidentally thrown from such vehicle or car, suffer any of the specific losses set forth below in this part I, the company will pay the sum set opposite such loss."

To make the sense complete and fix a liability with each of these four clauses, we must use the first four words of the first clause, "If the insured shall," and the closing words of the paragraph, "suffer any of the specific losses set forth below in this part I, the company will pay the sum set opposite such loss." If read in this way each clause has a definite connection, and for each there is a fixed liability, and in doing so nothing is sacrificed or disturbed but the technical use of punctuation.

"The punctuation of a document, although it may aid in determining the meaning, will not control or change a meaning which is plain from the consideration of the whole document and the circumstances." (13 C. J. 535.)

"While punctuation marks may be considered as an aid to the interpretation of an insurance policy, nevertheless they will not control or change a meaning which may be plainly gathered from the words, their arrangement, and the context." (32 C. J. 1151.)

It is suggested that the fact that the first and second clauses refer to public vehicles and cars and the third to private is another reason why the fourth should not refer back past the third, but we can see no good reason why in arranging for indemnity against being accidentally thrown from a car that a private car only should be in contemplation of the parties to the contract when the language is susceptible of a reference to a public car as well as a private car. In other words, using the general language of the last reference, we think contracts of insurance should be given a fair and reasonable construction such as intelligent business men would give them rather than a strained, unnatural, strict, technical construction. The use of the singular instead of the plural in the statement "such vehicle

or car" is not necessarily significant because of the unmistakable intention in this connection to refer to the particular vehicle or car from which the passenger was accidentally thrown.

There is no question but that the language of the paragraph under consideration is susceptible to more than one construction. It is certainly ambiguous. One is readily convinced of this situation not only by the able presentation of the two constructions advocated respectively by the attorneys for the appellant and the appellee, but also by the fact that the learned trial judge reversed himself on motion for new trial and adopted the opposite construction. The ambiguity is apparent from the action of other insurance companies, as has been shown us by reference in the briefs, in rewriting and rearranging their accident policies, using exactly the same general language, but separating the clauses for the evident purpose of avoiding such ambiguity. The recent decision of the third division of the first district of the appellate court of Illinois in the case of *Konstantelos v. Great American Casualty Co.*, 241 Ill. App. 283, has been carefully considered and is entitled to weight as a precedent, but the construction as above indicated seems to us more reasonable and more nearly that which was surely in the contemplation of the parties to the contract.

"The general rule is that if the terms of an accident policy are obscure or open to more than one construction, that one which is more favorable to the insured must prevail." (*Evans v. Accident Association*, 102 Kan. 556, syl. ¶ 2, 171 Pac. 643.)

"It is a well-settled rule that where a policy of insurance is so drawn as to require an interpretation, a construction most favorable to the insured will be adopted, for the reason that the company prepares the contract of insurance, thereby selecting its own language." (*Brown v. Accident Insurance Co.*, 114 Kan. 337, 338, 219 Pac. 505.)

Under our well-settled rule in Kansas and elsewhere this ambiguity can and should be solved and the construction adopted in favor of the insured.

The judgment is reversed with directions that judgment be entered for plaintiff.