No. 29,199.

THOMAS SAMSON, *Appellee*, v. THE UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellant*.

(289 Pac. 427.)

Opinion filed July 5, 1930.

*A. B. Keller, George R. Malcolm* and *C. A. Burnett,* all of Pittsburg, for the appellant.

*Sylvan Bruner,* of Pittsburg, *O. C. Mosman, Clay Rogers* and *Paul A. Buzard,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOCHEMS, J.: The plaintiff sued defendant upon an insurance policy. The case was tried to a jury in the district court. Plaintiff recovered, and defendant appeals to this court.

On November 22, 1928, the plaintiff filed an amended petition in the district court of Crawford county. To this petition there was attached as an exhibit an insurance policy which was issued by the defendant to the trustees of school district No. 100 of Crawford county.

It appears from the record that on July 21, 1927, the plaintiff, who was a carpenter, was in the employ of school district No. 100 of Crawford county, engaged in building a schoolhouse. The schoolhouse was being built by the trustees of the school district. They

did not let any contract, but undertook to do the work themselves. Before beginning the erection of the building the trustees took from the defendant company a policy of insurance, which is designated as a "standard workmen's compensation and employer's liability policy." On July 21, 1927, the plaintiff received an accidental injury as a result of falling from a scaffold. The defendant company recognized his claim and paid him compensation from July 28, 1927, until December 9, 1927, at $14.40 per week, that sum being 60 per cent of his average weekly wage. It also paid his hospital bill. On December 9, 1927, a physician made an examination of the plaintiff for the company and reported that disability had ceased. The company thereupon discontinued making payments. Some time thereafter the company wrote a letter to the attorney for plaintiff in which the company stated that plaintiff "was not entitled to further compensation under the law." On April 25, 1928, this action was begun by plaintiff in the district court. The trustees of the school district were not made parties defendant, but the action was filed directly against defendant upon the insurance policy issued by it to the trustees. The plaintiff claimed total permanent disability. He alleged that he was entitled to recover compensation from the defendant, which was to be computed according to the workmen's compensation law, and asked recovery in the total sum of $5,976, less $273.60 previously paid, plus $200 for physician's bill.

The defendant demurred to the petition on four grounds: (1) That the petition did not state sufficient facts to constitute a cause of action; (2) that the court had no jurisdiction of the person of defendant; (3) that the court had no jurisdiction of the subject matter of the action; (4) that plaintiff did not have legal capacity to sue and prosecute the action. The demurrer was overruled and the case proceeded to trial. Verdict was returned for $4,659.79. Motion for a new trial was duly filed and thereafter overruled. Judgment was entered for plaintiff and appeal taken to this court by the defendant.

The appellee bases his right to sustain the judgment upon *Robertson v. Labette County Comm'rs,* 122 Kan. 486, 252 Pac. 196; *Iott v. Continental Casualty Co.,* 129 Kan. 650, 284 Pac. 823, and *Scott v. Devine,* 129 Kan. 808, 284 Pac. 594. The insurance policy involved in the case of *Robertson v. Commissioners,* supra, so far as all matters material to this controversy are concerned, is identical with the policy issued by the defendant herein.

The various specifications of error urged by the appellant may be summarized as follows:

(1) The accident or injuries involved in this case having occurred on July 21, 1927, after chapter 232 of the Laws of 1927 was in force, the district court had no jurisdiction in this case and had no right to try the same, and the place to have determined the rights of the appellee herein against the defendant was before the Kansas workmen's compensation commissioner as provided by chapter 232 of the Laws of 1927.

(2) The amended petition did not state a cause of action.

(3) The verdict rendered was a quotient verdict.

The policy issued by the defendant contained, among others, the following provisions:

"One (a). To pay promptly to any person entitled thereto, under the workmen's compensation law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due.

"(1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this employer under such of certain statutes, as may be applicable thereto, cited and described in an indorsement attached to this policy, each of which statutes is herein referred to as the workmen's compensation law; and

"(2) for the benefit of such person the proper cost of whatever medical, surgical, nurse or hospital services, medical or surgical apparatus or appliances and medicines, or, in the event of fatal injury, whatever funeral expenses are required by the provisions of such workmen's compensation law.

"It is agreed that all of the provisions of each workmen's compensation law covered hereby shall be and remain a part of this contract as fully and completely as if written herein, so far as they apply to compensation or other benefits for any personal injury or death covered by this policy, while this policy shall remain in force. Nothing herein contained shall operate to so extend this policy as to include within its terms any workmen's compensation law, scheme or plan not cited in an indorsement hereto attached."

Paragraph D of the insurance policy reads:

"The obligations of paragraph one (a) foregoing are hereby declared to be the direct obligations and promises of the company to any injured employee covered hereby, or, in the event of his death, to his dependents; and to each such employee or such dependent the company is hereby made directly and primarily liable under said obligations and promises. This contract is made for the benefit of such employees or such dependents and is enforceable against the company, by any such employee or such dependent in his name or on his behalf, at any time in any manner permitted by law, whether claims or proceedings are brought against the company alone or jointly with the employer. If the law of any state in which the policy is applicable provides for the enforcement of the rights of such employees or such dependents by

any commission, board or other state agency for the benefit of such employees or such dependents, then the provisions of such law are made a part hereof as respect any matter subject thereto, as fully as if written herein. The obligations and promises of the company as set forth in this paragraph shall not be affected by the failure of this employer to do or refrain from doing any act required by the policy; nor by any default of this employer after the accident in the payment of premiums or in the giving of any notice required by the policy or otherwise; nor by the death, insolvency, bankruptcy, legal incapacity or inability of this employer, nor by any proceeding against him as a result of which the conduct of this employer's business may be and continue to be in charge of an executor, administrator, receiver, trustee, assignee or other person."

Attached to the policy was the following indorsement:

"The obligation of paragraph one (a) of the policy to which this indorsement is attached includes such workmen's compensation laws as are herein cited and described and none other.

"Chapter 44, article 5, Revised Statutes of Kansas (Annotated) 1923, entitled workmen's compensation, and all laws supplementary thereto or amendatory thereof which may be or become effective while this policy is in force."

The appellant concedes that plaintiff as an employee of the insured has a right to maintain an action upon the policy of insurance sued upon by the appellee, but takes the position that the portions of the policy which are hereinbefore set out clearly established that his action must be brought before the workmen's compensation commissioner and not in the district court. Appellant argues that the policy clearly shows an intent on the part of the parties thereto that an action of the employee must be brought before the compensation commissioner. Appellant further argues that the compensation law in effect at the time gave the workman no power or authority to bring a compensation case directly in the district court and the district court had no original jurisdiction to try such case, and the policy issued not only did not extend the rights of the employee beyond the workmen's compensation law then in effect, but in definite terms limited his right as to the compensation to be received and as to the methods of obtaining compensation to the ways provided by the workmen's compensation law.

What is the nature of plaintiff's action? It is a suit upon an insurance policy. The measure of recovery established by this policy is provided in the workmen's compensation law.

The question of jurisdiction of the compensation commissioner under the 1927 act must be determined from that act itself. An examination of the act does not disclose any provision whereby the

legislature has declared that the compensation commissioner shall have jurisdiction in actions brought upon insurance policies such as the one in the case at bar. The act does not confer upon the· commissioner jurisdiction to litigate controversies arising out of insurance policies. The act does not provide that parties to a contract of insurance such as the one in the case at bar may agree that any controversy between them shall be heard and determined by the workmen's compensation commissioner and that if the parties do so agree the commissioner shall have jurisdiction. The question of jurisdiction is vital. It must be determined from the law creating the tribunal. It is no greater and no less than that provided in the act establishing the tribunal and defining its jurisdiction. It is well settled that parties cannot by their consent or agreement confer jurisdiction upon a court or tribunal nor can they in such manner diminish or enlarge the jurisdiction of a court or other tribunal created by law. This has been determined by the following: *Phillips v. Thralls,* 26 Kan. 780; *Van Bentham v. Comm'rs of Osage Co.,* 49 Kan. 30, 30 Pac. 111; *Hartzell v. Magee,* 60 Kan. 646, 57 Pac. 502; *Ewing v.·Mallison,* 65 Kan. 484, 70 Pac. 369. (See, also, 15 C. J. 802, § 101.)

We note also in paragraph D of the insurance policy the following language:

"This contract is made for the benefit of such employees or such dependents and is enforceable against the company by any such employee or such dependent in his name or on his behalf, at any time and in *any* manner permitted by law."

The appellant makes a strong contention that in view of the provisions of the policy hereinbefore set out, and especially of the rider which is attached to the policy,· and paragraph D, which makes the compensation law a part of the policy, that it is clear the appellee is limited to an action before the compensation commissioner. If we take into consideration all the various references in the policy to the workmen's compensation law and then consider them in conjunction with the language, "this contract . . . is enforceable against the company . . . in *any* manner permitted by law," it appears that we have a policy which is rather ambiguous in the language used. It is well established by the decisions of this court that if the terms of an insurance policy are obscure or open to different constructions, then the one most favorable to the insured must prevail. (*Casualty Co. v. Colvin,* 77 Kan.

561, 95 Pac. 565; *Evans v. Accident Association,* 102 Kan. 556, 171 Pac. 643; *Hoskins v. North American Accident Ins. Co.,* 123 Kan. 731, 256 Pac. 981.) It needs no citation of authority to show that an action on an insurance policy may be properly brought in the district court. An action on a policy brought in the district court is one coming within the meaning of the language, "in *any* manner permitted by law."

From the foregoing it appears (1) that the workmen's compensation act itself does not confer upon the compensation commissioner jurisdiction to try actions· arising out of insurance policies such as the one in this case; (2) an action brought in the district court upon a policy such as the one herein is properly brought in a manner "permitted by law" and is within the terms of the policy upon which this action was brought; (3) the petition set forth a cause of action and the district court had jurisdiction of both the person of defendant and of the subject matter of the action.

We conclude, therefore, that the district court had jurisdiction to try this action and to determine the issues between the parties.

Appellant makes the further contention that the court erred in its instruction in that it permitted a verdict to be returned by the jury for a lump sum and entered judgment against the defendant for the total amount of the verdict. It is clear that this is not an action for compensation before the compensation commissioner, but is purely and simply a suit upon an insurance policy. The compensation law is the measure of recovery—the yardstick provided by the policy by which the court must guide the jury in its instructions. While in an action for compensation brought before the commissioner under the law it is clear that compensation shall be paid in installments, we find nothing in the law which prohibits a lump-sum judgment in an action on an insurance policy such as the one now before the court. Neither do we lose sight of the fact that the action herein is based upon the insurance contract, and a careful reading of that contract does not disclose any provision therein which denies the right of the employee to a lump-sum judgment. Since there is no provision either in the law or the policy covering a situation such as the case at bar, whereby the employee is limited to recovery of a judgment payable in installments, the workmen's compensation law was properly referred to by the court to determine the measure of plaintiff's recovery. In view of the conclusions we have reached,

the instructions of the court were proper and we find no reversible error therein.

We have also examined the record in connection with specifications of error made by the appellant to the effect that the verdict was a quotient verdict. In view of the former decisions of this court we find that the verdict cannot be set aside on that ground. (*Campbell v. Brown*, 85 Kan. 527, 117 Pac. 1010; *Rambo v. Electric Co.*, 90 Kan. 390, 133 Pac. 553; *Sims v. Williamsburg Township*, 92 Kan. 636, 141 Pac. 581.)

We find no error in the proceedings of the trial court. The judgment is affirmed.