No. 36,230

ANNA C. NEWCOMB, *Appellee,* v. THE VICTORY LIFE INSURANCE COMPANY, *Appellant.*

(157 P. 2d 527)

Opinion denying motion for rehearing filed April 7, 1945. (For original opinion of affirmance, see ante, p. 403, 155 P. 2d 456.)

*Barton E. Griffith,* of Topeka, argued the cause for the appellant.

*John A. Etling,* of Kinsley, argued the cause, and *W. N. Beezley,* of Kinsley, was on the briefs for the appellee.

OPINION ON MOTION FOR REHEARING

The opinion of the court was delivered by

HARVEY, C. J.: Appellant, in a motion for rehearing, quotes from our opinion as follows:

"Here the war clause permitted the insured to enter the military service, but he should notify the company within thirty days, which was done, and was then to pay the additional premium required." (p. 407.)

Counsel contend that we misread the war clause of the policy in holding that the insured was required to notify the company of his entering into military service within thirty days. We concede our error in this respect and that the war clause does not require the insured to notify the company of his entrance into military service.

Possibly the error was occasioned by the fact that in this case the company was notified of the fact that the insured had entered the military service within thirty days, which fact was stressed in the argument and brief. But whatever the occasion for it, we are glad to correct the error.

The important question in the case was whether under the policy and the facts of this case the insured was in fact required to pay an additional premium. There was no provision in the policy of what extra premium, if any, an insured who entered the military service would be required to pay. The parties entered into a written stipulation as follows:

"1. That said defendant did by action of its governing body, on January 12, 1942, fix and determine that the extra premium to be required under the war clause in the insurance policy referred to should be $25.00 per annum per $1,000.00 of life insurance, as alleged in paragraph IV of defendant's answer. That such action of the governing body of said defendant corporation was never communicated to the insured named in said policy and was never endorsed on or attached to said policy, the contention of defendant being that same was not required.

"2. That said insured did not present to said defendant any premium or premiums except those premiums aggregating $37.64 as alleged in paragraph VII of the answer of defendant.

"3. That on or about June 1, 1943, said defendant did mail to said insured a notice that an annual premium of $11.81, less a credit of $1.29 or $10.52 would be due on said policy on June 25, 1943, and no other notice of a premium was mailed or given to said insured."

It will be seen by this stipulation that the determination of the governing body was "that the *extra premium to be required* under the war clause in the insurance policy referred to *should be* $25 per annum per $1,000 of life insurance" (emphasis ours). Such action of the governing body of defendant was never in any way communicated to the insured. It is further seen that even though the insurer knew the insured was in the military service, on June 1, 1943, it mailed to the insured a notice of the premium that would be due on his policy June 25, 1943, and said nothing about any extra premium by reason of the fact that he had entered the military service. We think the action of the governing body in determining what "should be required" in the way of an extra premium for one who entered the military service, of which action the insured had no knowledge from any source, was ineffectual in determining what premium the insured was obligated to pay.

Counsel criticize us for using a dictionary meaning of the word

"required." We see no occasion here for using any other meaning. Certainly nothing in the war clause or elsewhere in the policy attempted to give to it any different meaning.

The motion for rehearing is denied.