LEONARD M. MORRIS ET AL., APPELLEES, V. AMERICAN AND
FOREIGN INSURANCE COMPANY OF NEW YORK, NEW
YORK, A CORPORATION, APPELLANT.
35 N. W. 2d 832

Filed February 11, 1949. No. 32549.

*Lyle Q. Hills,* for appellant.

*Ralph R. Bremers,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This case was instituted by Leonard M. Morris and Inger M. Morris, appellees, to recover from American and Foreign Insurance Company of New York, appellant, on two policies of fire insurance issued by it to the appellees, the damage and loss alleged to have resulted to them because of a fire causing damage to a residence, the destruction of a garage, and several items of personal property claimed by appellees to be covered by the policies. Appellees had judgment in the municipal court of the city of Omaha, Nebraska, the court of original jurisdiction. Appellant prosecuted an appeal to the district court for Douglas County, Nebraska. A trial was had to the court without a jury and a finding made and judgment rendered for appellees. This case is here on an appeal from that judgment and the order of the court denying the motion for a new trial.

Appellant issued to appellees two policies of insurance, each in the sum of $2,500, indemnifying the appellees against damage by fire of their frame house situated on the east 43 feet of Lots 13 and 14, Block 23, Carthage Addition to the city of Omaha, Nebraska, known as 4901 Cuming Street, including building equipment and fixtures and outdoor equipment pertaining to the service of the premises while located on the premises. The policies each contain the provision that the assured may apply up to ten percent of the amount of the policies to cover private structures appertaining to the premises and located thereon. The policies were in force at the time of the fire, 2 a. m., October 28, 1946. The fire was in and confined to the garage on the premises and its contents. The garage was a total loss. A screen door for the house,

75 feet of garden hose, and a large shovel in the garage at the time of the fire were destroyed, and the evidence is without dispute that these had a value of $10, $15 and $4 respectively. The paint on the south side of the house was destroyed by the heat of the fire and resulted in a condition making it necessary to scrape and re-paint the affected area. The amount of the damage to the house was stipulated to be $72.50. Appellees produced evidence that the value of the garage immediately before the fire was $425 to $450. Appellant offered no evidence as to the value of the garage before it was damaged by the fire, but did show an estimate of an experienced contractor and builder that the reasonable cost of replacing it with a comparable new building was $364. The adjuster for appellant adopted a figure to replace the garage of $433.75. He deducted for depreciation $120.13, and claimed the balance $313.62 as the amount of loss because of the destruction of the garage. To this he added the damage to the house, $72.50, and by this reasoning determined to his satisfaction that the total $386.12 was the amount of the loss of appellees because of the fire.

The policies sued upon each contain the provisions "* * * within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss," and "The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company * * *," and "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all of the requirements of this policy shall have been complied with * * *."

The appellant pleaded and contends that appellees failed to comply with the requirement concerning proof of loss and this was a condition precedent to their right to maintain a suit on the policies. The appellees did not furnish any proof of loss as the policies required. This obligation imposed upon appellees is reasonable and

enforceable. It was incumbent upon appellees to establish that this stipulation was complied with or to disclose some legal reason exempting them therefrom. German Ins. Co. v. Fairbank, 32 Neb. 750, 49 N. W. 711, 29 Am. S. R. 459; German Ins. Co. v. Davis, 40 Neb. 700, 59 N. W. 698; Thomas v. Prudential Ins. Co., 131 Neb. 274, 267 N. W. 446; Clark v. State Farmers Ins. Co., 142 Neb. 483, 7 N. W. 2d 71.

The fire occurred about 2 a. m. October 28, 1946. Mrs. Morris was one of the owners of the insured property. That day she notified the Omaha Loan & Building Association of the fire and damage to and destruction of the property. She talked with the man in charge of the insurance department of the association and who had handled the insurance matters for the appellees. This association had a mortgage on the property. The party with whom she talked told her to contact the insurance company. This she did and later that day Mr. Kelly came to her home to talk with her about the fire loss she had reported. Mr. Kelly, an insurance adjuster, was employed to adjust this loss. Mrs. Morris showed him where the damage was and Mr. Kelly made a complete examination and told her he would send someone out to make an estimate of the loss and damage. Appellant had a contractor and builder inspect the location of the fire the following day and he made and furnished to appellant his estimate. He did this at the request of Mr. Kelly. About a week after the fire the appellees went to the office of Mr. Kelly to talk with him about their loss and its adjustment. They had an estimate of their damage and talked with him about an adjustment and settlement. They argued about whether appellees should take any depreciation on the garage and whether they were entitled to a new building. Kelly finally arrived at a figure of $386.12, which he offered appellees as a settlement of their loss. He told them to think it over and let him know. Appellees told Kelly that they were not satisfied with the figure he submitted and they were

going to put the matter in the hands of their attorney.
· The provision for proof of loss was for the benefit of the insurance company and could be waived by it. The appellant by the facts just referred to waived compliance by the appellees with the requirements of the policy as to furnishing proof of loss. If a fire insurance company, after notice of loss, investigates it and enters into negotiations with the assured looking to a settlement and the negotiations fail because of inability to agree as to the amount of the loss, the insurer thereby waives the right to demand formal proof of loss stipulated in the policy. "Proof of loss, under the repeated holdings of this court, had been waived by the appearance of the adjuster, and the negotiations already had for the purpose of ascertaining such loss and proof thereafter furnished became immaterial." Herpolsheimer v. Citizens Ins. Co., 79 Neb. 685, 113 N. W. 152. See, also, Home Fire Ins. Co. v. Hammang, 44 Neb. 566, 62 N. W. 883; Teasdale v. City of New York Ins. Co., 163 Iowa 596, 145 N. W. 284, Ann. Cas. 1916A 591; 29 Am. Jur., Insurance, § 1142, p. 858. The defense based upon the failure of appellees to furnish proof of loss cannot prevail in this case.

The policies in question each "does insure Leonard M. and Inger M. Morris * * * to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss * * *." An attached rider recites "this policy covers the following described property, all situated on East 43′ of Lots 13 and 14, Block 23, Carthage Add'n, being #4901 Cuming St., City of Omaha, State of Nebraska. *1. $2500 on the composition roof frame * * * residence, including building equipment and fixtures and outdoor equipment pertaining to the service of the premises * * * while located on the above described premises * * *, and "The insured may apply up to ten per cent (10%) of the amount specified for Item 1 to cover on private structures appertaining to

the above described premises and located thereon."

The house and the garage were on the premises when the insurance policies were written and at the time of the fire.

The appellees claim that because of the language of the policies that the insured may apply up to ten percent of the $5,000 of insurance to any loss suffered on any private structure appertaining to and located on the premises described therein, and because of the provisions of section 44-380, R. S. 1943, the valued policy law, they are entitled to recover $500 for the total loss of the garage destroyed by fire. The district court sustained this view of the contracts and of the law.

The language of the policies in this aspect is not burdened with ambiguity or uncertainty, and clearly means that if the insured suffers damage to or destruction of any private structure pertaining to and located on the premises (except structures used for mercantile, manufacturing or farming purposes) by any of the causes described in the policy of the insured, he may at his option recover the amount of his actual loss not to exceed in any event ten percent of the principal amount of the policy. If the actual loss of the insured is less than ten percent of the amount of the policy, he may only exact payment of the amount of his loss. If his loss is ten percent or more than ten percent of the amount of the policy, then he may recover only ten percent of the amount thereof. Section 44-380, R. S. 1943, has no application to or influence upon this provision. That statute provides that "Whenever any policy of insurance shall be written to insure any real property in this state against loss by fire, * * * and the property insured shall be wholly destroyed, * * * the amount of the insurance written in such policy shall be taken conclusively to be the true value of the property insured and the true amount of loss and measure of damages." The only real property insured by the policies here in question was the house described therein. The garage was

not mentioned. Its value in any view of the evidence was less than ten percent of the amount of the policies. Appellees were only entitled to recover the actual value of the garage at the time of the fire and this according to the record in this case was less than $500. The action of the court permitting appellees to have judgment for that amount as their loss because of the destruction of the garage cannot be upheld.

Appellees also have a valid claim against appellant for the damage to the house, stipulated to be $72.50, the destruction of the screen door, the value of which was without dispute shown to be $10 because it was within the language of the policies "building equipment and fixtures," the garden hose and shovel, the value of which by the undisputed evidence was $19, because these were "outdoor equipment pertaining to the service of the premises" and were the property of the owners of the dwelling.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.