No. 40,832

L. I. COFFEY, BILLY JOE FOX and MAXINE WANDA FOX, *Appellees,*
v. GIRARD INSURANCE COMPANY OF PHILADELPHIA, PENNSYLVANIA,
*Appellant.*

(322 P. 2d 345)

Opinion filed March 8, 1958.

*H. E. Jones,* of Wichita, argued the cause and *A. W. Hershberger, J. B.
Patterson, Richard Jones, Wm. P. Thompson, Jerome E. Jones,* and *William
E. Palmer,* all of Wichita, were with him on the briefs for the appellant.

*Gerald Sawatzky,* of Wichita, argued the cause and *George B. Powers, Carl
T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm
Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris* and *Anthony
T. Dealy,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HALL, J.: This is an appeal from a judgment in favor of the
insureds on a Standard Fire Insurance Policy.

The essential facts are not in dispute. The insurance company
had issued a policy of fire insurance which is a standard policy
used in Kansas, Nebraska, and North Dakota in the amount of
$2,500.00. The policy provides as follows:

" 'In consideration of the provisions and stipulations herein or added hereto
and of the premium above specified, this Company, for the term of Three
Years . . . at location of property involved, to an amount not exceeding
the amount(s) above specified, does insure L. I. Coffey and legal representa-
tives, to the extent of the actual cash value of the property at the time of loss
. . . against all direct loss by fire, . . . to the property described
hereinafter while located or contained as described in this policy. . . .
. . . 4. DESCRIPTION AND LOCATION OF PROPERTY COVERED (Show con-
struction, type of roof and occupancy of building(s) covered or containing the
property covered. If occupied as a dwelling state No. of families.) "On the
frame, approved roof, one family dwelling located at 555 S. Illinois, Wichita,
Kansas." ' "

Under the "Dwelling and Contents Form" of the policy, additional coverage was provided as follows:

"DWELLING COVERAGE: When the insurance under this policy covers a dwelling, such insurance shall include building equipment and fixtures and outdoor equipment pertaining to the service of the premises (if the property of the owner of the dwelling), while located on the premises described on the first page of the policy, but not trees, shrubs, plants or lawns.

"The Insured may apply up to ten per cent (10%) of the amount specified for the dwelling, to cover private structures appertaining to the dwelling described and located on the premises, but not structures used in whole or in part for (a) mercantile, manufacturing, or farming purposes, nor (b) any structures (except structures used principally for private garage purposes) which are rented or leased to other than a tenant of the dwelling covered hereunder."

On the premises covered by the policy there were two structures. The larger front structure contained two bedrooms, a screened porch, a living room and a combination kitchen and dining area. It contained no bathroom. The smaller structure was located 16 feet to the rear of the larger structure. It contained a bathroom, shower room, a general utility and wash room, with the usual fixtures incidental to these facilities. The hot water tank in the small structure supplied the kitchen in the front structure. Cold water was supplied to both structures by a common well through common pipes and both were connected and served by the same gas, electric and sewer lines. A wooden walk connected the two structures.

A fire destroyed the smaller structure. Proof of loss in the amount of $1,220.79 was duly filed with the insurance company under the above policy. Payment of this amount was refused with the offer to pay $250.00 under the 10 percent (10%) provision of the policy.

The insureds filed suit and the matter was ultimately tried to the court. The court gave judgment to the insureds in the amount of $1,220.79, for the full loss, with interest, attorneys' fees and costs.

There was only one issue before the trial court and the parties concede it is the single issue on this appeal. Was the second structure destroyed by fire a part of the "dwelling" or "building equip-ment and fixtures and outdoor equipment appertaining to the service of the premises," for which loss the insurance company was obligated up to the full amount of the policy, or was the second structure a "private structure appertaining to the dwelling" in which case the insurance company was obligated only up to 10 percent (10%) of the amount of the policy?

The interpretation of these sections of the policy is apparently

one of first impression in the three jurisdictions where this standard form of fire policy is used.

In support of its position that the building destroyed was a "private structure appertaining to the dwelling" with liability limited to 10 percent (10%), the insurance company relies heavily on *Pilgrim Laundry & Dry Cleaning Co. v. Federal Ins. Co.*, 140 F. 2d 191; and *Farmers Mut. Ins. Assn. v. Martin*, 226 Miss. 515, 84 So. 2d 688.

They also cite *Dyer v. Standard Fire Ins. Co. of New Jersey*, 227 S. W. 2d 520; *Ziebarth v. Fidelity & Guaranty Fire Corp.*, 256 Wis. 529, 41 N. W. 2d 632; *Martin v. Com. Union Assur. Co.*, 41 S. D. 249, 170 N. W. 147; *Melder v. Great American Ins. Co.*, 9 So. 2d 243; *Morris v. American and Foreign Ins. Co.*, 150 Neb. 765, 35 N. W. 2d 832.

With the exception of the *Pilgrim Laundry & Dry Cleaning Co. v. Federal Ins. Co.*, supra; and *Martin v. Com. Union Assur. Co.*, supra, the cited cases involve garages. The courts either did apply a 10 percent (10%) provision of similar policies, or, as in the Ziebarth case, found that the garage was in public commerce and not within any section of the policy.

Appellant forcefully contends that *Farmers Mut. Ins. Assn. v. Martin*, supra, is almost analogous to the case at bar. We are unable to agree. The language of the policy is similar but it is a garage case and the authorities have pretty well decided there is a valid distinction between a garage which is "a private structure," unless also used for some other purpose, and other types of structures.

In the Pilgrim case two buildings were separately insured and treated as separate property by the owner rather than as complementary to each other. The policy was at variance with the one under consideration here. It covered additions "belonging to and a contributing part" of a building.

Likewise, in *Martin v. Com. Union Assur. Co.*, supra, the policy insured "all fixtures belonging to a building." In that case the company insured a bathhouse. There was a separate building housing the boiler. The court held that the boiler was not a fixture to the bathhouse.

These authorities are not much in point here.

Here we are not dealing with a garage but rather with a structure which serves as the bathroom and utility room to the principal

dwelling. Upon any test such things pertain to the service of the main living unit.

Insureds contend that the destroyed structure should be considered a part of the "Dwelling Coverage" of the policy. In support of their contention they rely primarily on the dictionary definition of the words "dwelling house" and with our decisions in *Newcomb v. Victory Life Ins. Co.*, 159 Kan. 613, 157 P. 2d 527; *Hockens v. Republic Mutual Fire Ins. Co.*, 167 Kan. 17, 204 P. 2d 773; *Sporn v. Overholt*, 175 Kan. 197, 262 P. 2d 828.

This argument is more persuasive than appellant's position, but again the authorities they cite are not persuasive under the facts of the case. It is inherently clear from the facts that the second structure was not in any way occupied by the insureds as a "dwelling" but only "as equipment and fixtures appertaining to the service of the dwelling."

While the point here is one of first impression there are cases in other jurisdictions which have been determined upon similar facts and policy. Particularly, *Meyerstein v. Great American Ins. Co.*, 82 Cal. App. 131, 255 Pac. 220, where the court held that a laundry house apart from the owner's living quarters was an addition to his home, included in coverage on "the frame building and additions."

Finally, the insureds are entitled to have any ambiguity in the policy resolved in their favor. We have long adhered to the rule that insurance contracts are to be construed, when construction is permissible, most strongly against the company and in favor of the insured. Where a policy of insurance is so drawn as to require an interpretation, a construction most favorable to the insured will be adopted for the reason that the company prepares the contract of insurance, thereby selecting its own language. An insurer prepares its own contracts and it is its duty to make the meaning clear, if it fails to do so, the insurer and not the insured must suffer. Stated in another way if the insurer desires to limit its liability, it should so state in the policy issued. (*Brown v. Accident Insurance Co.*, 114 Kan. 337, 338, 219 Pac. 505; *Braly v. Commercial Casualty Ins. Co.*, 170 Kan. 531, 227 P. 2d 571; *Spencer v. Casualty and Surety Co.*, 116 Kan. 491, 494, 227 Pac. 357; *Chicago, R. I. & Pac. Rld. Co. v. Aetna Ins. Co.*, 180 Kan. 730, 308 P. 2d 119; *Jameson v. Farmers Mutual Automobile Ins. Co.*, 181 Kan. 120, 309 P. 2d 394.) In regard to the contents of the policy in this case, see *Employers Casualty Co. v. Ragley*, 197 S. W. 2d 536.

We hold that the insureds' structure destroyed by fire pertained to the service of the premises and as such the insureds are entitled to the full protection of the policy.

The judgment is affirmed.