# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1991
_____

Topp's Mechanical, Inc., a Nebraska Corporation

*Plaintiff - Appellant*

v.

Kinsale Insurance Company, an Arkansas Insurance Corporation

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: May 12, 2020
Filed: August 4, 2020
_____

Before COLLOTON and BENTON, Circuit Judges, and WILLIAMS,[1] District Judge.
_____

BENTON, Circuit Judge.

_____

[1] The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa, sitting by designation.

Topp's Mechanical, Inc. (TMI) bought a liability insurance policy from Kinsale Insurance Company. The policy excluded a "pollution incident" unless properly reported by TMI. After a pollution incident, Kinsale disclaimed coverage. TMI sued for breach of the policy. The district court[2] granted Kinsale's motion to dismiss. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

TMI, a Nebraska corporation, sued Kinsale, an Arkansas corporation, for breach of the policy, an indemnity policy. The policy had an "Exclusion - Absolute Pollution and Pollution Related Liability." This pollution exclusion excluded coverage for "injury or damage arising directly or indirectly out of, related to, or, in any way involving" pollution incidents. An exception to the pollution exclusion—"Time Element Pollution Endorsement"—"modifies coverage under the Policy" if a pollution incident was: (1) "discovered by [TMI] within [7 days]" and (2) "reported to [Kinsale] in writing within [45 days]."

During the coverage period, TMI learned that an employee suffered injury from a pollution incident. Within seven days, a TMI representative called Kinsale about the incident, specifically asking if TMI should report it. Some unidentified person in the Kinsale claims department told TMI that it could not yet report the incident as a claim, and said it should wait until the employee filed a formal demand or lawsuit.

Nearly 18 months later, the injured employee made a formal demand. TMI forwarded it to Kinsale, requesting indemnification. Six weeks later, Kinsale disclaimed coverage. TMI sued Kinsale for breach of contract. After Kinsale removed the case from state court, the district court granted its motion to dismiss.

---

[2] The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

This court reviews de novo the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), drawing all reasonable inferences in favor of the non-moving party. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 474 (8th Cir. 2009) (en banc). The parties agree Nebraska substantive law applies in this diversity case. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

TMI acknowledges it did not follow the plain language of the contract because it reported the incident "in writing" more than 45 days afterward. Instead, it invokes waiver and estoppel because Kinsale told it to withhold reporting a claim until a formal demand was made or a lawsuit filed. *See D&S Realty, Inc. v. Markel Ins. Co.*, 789 N.W.2d 1, 17 (Neb. 2010) (explaining that, although waiver and estoppel are distinct legal concepts, an insurer can be estopped if it waives a policy provision).

Waiver and estoppel do not apply to the type of policy at issue. There is a "crucial difference between 'occurrence' and 'claims made' liability insurance policies." *Lexington v. Saint Louis Univ.*, 88 F.3d 632, 633 (8th Cir. 1996), *later cited in Countryside Coop. v. Koch*, 790 N.W.2d 873, 886 (Neb. 2010) (describing an "essential difference" between an occurrence policy and a claims-made policy). "Both types of policies require the insured to promptly notify the insurer of possible covered losses. With a claims made policy, however, that notice is not simply part of the insured's duty to cooperate. It defines the limits of the insurer's obligation—if there is no timely notice, there is no coverage." *Lexington*, 88 F.3d at 634, *later quoted in Countryside Coop.*, 790 N.W.2d at 886. "Under a claims-made policy, 'the very description of the risk covered includes the requirement that claims be both made and reported within the policy period.'" *Countryside Coop.*, 790 N.W.2d at 886, *quoting Esmailzadeh v. Speakman*, 869 F.2d 422, 425 (8th Cir. 1989).

TMI and Kinsale agreed to a claims made policy. It excludes pollution incidents. But it "modifies coverage" under the Time Element Pollution Endorsement, for incidents discovered within 7 days and reported within 45 days in

writing. In the policy, notice "defines the limit of the insurer's obligation—if there is no timely notice, there is no coverage" for pollution incidents. *Lexington*, 88 F.3d at 634. *See Countryside Coop.*, 790 N.W.2d at 886 ("the very description of the risk covered includes the requirement that claims be both made and reported within the policy period").

Because the Nebraska Supreme Court has not specifically ruled whether waiver and estoppel apply to claims made policies, this court "must try to predict how [it] would do so and decide the case accordingly." *Lindhold v. BMW of N. Am., LLC*, 862 F.3d 648, 651 (8th Cir. 2017). The Nebraska Supreme Court says that "waiver and estoppel are not available to broaden the coverage of a policy so as to protect the insured against risks not included therein or expressly excluded therefrom." *Design Data Corp. v. Maryland Cas. Co.*, 503 N.W.2d 552, 559 (Neb. 1993), *quoting Lee v. Evergreen Coop.*, 390 N.W.2d 183, 185-86 (Mich. Ct. App. 1986). "Estoppel cannot be invoked to expand insurance coverage or the scope of an insurance contract." *Id.* at 560, *quoting ABCD Vision, Inc. v. Fireman's Fund Ins. Co.*, 744 P.2d 998, 1001-02 (Ore. 1987). TMI cannot invoke waiver and estoppel that broadens—or as the policy here states, "modifies"—coverage.

A Fifth Circuit case applying Texas law is instructive. There, the policy had a pollution exclusion clause, but contained an endorsement that covered pollution incidents if discovered within 7 days and reported to the insurer within 30 days. *See Matador Petro. Co. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 655-56 (5th Cir. 1999). The insured reported a pollution incident late, but alleged waiver and estoppel. *Id.* The court did not permit waiver and estoppel for two reasons. First, the policy, because of the endorsement, was a claims made policy. *Id.* at 659. Second, Texas law stated: "waiver and estoppel cannot enlarge the risks covered by a policy and cannot be used to create a new and different contract with respect to the risk covered and the insurance extended." *Id.* at 660, *citing The Minnesota Mut. Life Ins. Co. v. Morse*, 487 S.W.2d 317, 320 (Tex. 1972). *Compare Design Data*, 503

N.W.2d at 560 ("Estoppel cannot be invoked to expand insurance coverage or the scope of an insurance contract.").

TMI contends that Nebraska law permits waiver and estoppel for breach-of-contract of insurance policies. But TMI relies on cases with occurrence policies, not claims made policies. In *Keene*, the insurance policy covered the fire, and the insurer had told the insured not to worry about reporting it until he received the bill. *See* ***Keene Coop. Grain & Supply Co. v. Farmers Union Ind. Mut. Ins. Co.***, 128 N.W.2d 773, 777 (Neb. 1964). Likewise, in *Morris*, the insurance policy covered the fire, and the parties contested whether the insurer's participation in negotiations constituted waiver. *See* ***Morris v. American & Foreign Ins. Co.***, 35 N.W.2d 832, 833-35 (Neb. 1949). In both cases, the policies were occurrence policies because they already covered the risks—*e.g.,* the fires. The insureds had a duty to provide notice, but notice did not determine coverage. *See* ***Lexington***, 88 F.3d at 634; ***Countryside Coop.***, 790 N.W.2d at 886. *See also* ***D&S Realty***, 789 N.W.2d at 6, 17-18 (insurance covered water damage, and parties contested whether insured waived a disclaimer clause for buildings that sat vacant).

In this case, on the other hand, timely notice "modifies coverage" to include pollution incidents, so it is a claims made policy. TMI, therefore, cannot invoke waiver and estoppel.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____