# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-2462

_____

Monday Restaurants, on behalf of itself and all other similarly situated; Andrew Dill, DMD, on behalf of himself and all others similarly situated; Amy Varble, DMD, on behalf of herself and all others similarly situated; Michael Wong, DMD, P.C., on behalf of himself and all others similarly situated

*Plaintiffs - Appellants*

v.

Intrepid Insurance Company, an Iowa corporation, doing business as Intrepid Direct Insurancy; Tri-State Insurance of Minnesota

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 13, 2022
Filed: April 22, 2022

_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

After their insurers denied coverage, the operator of two St. Louis restaurants and a dental practice both sued, seeking coverage and damages for losses and

expenses during the COVID-19 pandemic. The district court[1] granted the insurers' motion to dismiss. The businesses appeal.

The COVID-19 pandemic interrupted normal business at Monday Restaurants LLC, operator of two St. Louis restaurants, and Andrew Dill, DMD, Amy Varble, DMD, and Michael Wong, DMD, P.C., a pediatric dental practice.

Complying with local, state, and federal guidelines for COVID-19, the restaurants closed in-person dining from March 10 to May 18, 2020. They continued to provide pick-up at one location, drive-through at the other, and delivery from both.

The dental practice restricted operations to emergency patients from March to May 2020 after the Centers for Disease Control and American Dental Association recommended that dentists close their offices, a recommendation echoed by the Missouri Dental Board.

Both businesses purchased more protective equipment than normally needed to operate. The restaurants got protective masks and gloves. The dental practice got air filters, protective gowns, face shields, seat covers, N95-type masks, fluid-resistant lab coats, disinfectants, and plexi-glass barriers.

Both businesses filed claims seeking coverage for loss of business income and extra expenses. When they were denied, Monday Restaurants sued Intrepid Insurance Company, and Dill sued Tri-State Insurance Company of Minnesota, both on behalf of themselves and as putative class-actions. Both insurers are affiliates of W.R. Berkley Corporation. The commercial insurance policies issued to the businesses are identical. The district court granted the businesses' motion to consolidate.

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

"This court reviews de novo the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), drawing all reasonable inferences in favor of the non-moving party." *Topp's Mech., Inc. v. Kinsale Ins. Co.*, 968 F.3d 854, 855 (8th Cir. 2020). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Missouri law applies: "Insurance policies are read as a whole, and the risk insured against is made up of both the general insuring agreement as well as the exclusions and definitions." *Owners Ins. Co. v. Craig*, 514 S.W.3d 614, 616 (Mo. banc 2017). "The 'cardinal rule' for contract interpretation is to 'ascertain the intention of the parties and to give effect to that intention.'" *Secura Ins. v. Horizon Plumbing, Inc.*, 670 F.3d 857, 861 (8th Cir. 2012), *quoting J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo. banc 1973).

If the insurance policy language is unambiguous, "the contract will be enforced as written." *Rice v. Shelter Mut. Ins. Co.*, 301 S.W.3d 43, 47 (Mo. banc 2009). Construing an insurance policy, this court "must give each term its ordinary, lay meaning unless the policy expressly defines a term in a technical manner." *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 880 (8th Cir. 2005), *citing Farmland Indus., Inc. v. Republic Ins. Co.*, 941 S.W.2d 505, 508 (Mo. banc 1997).

The insurers' policies provide coverage for "direct physical loss of or damage to property." Neither business alleges COVID-19 was physically present on its premises or that anything physical happened to its properties. The businesses allege the distinction between "loss of" and "damage to" property distinguishes this case from *Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F.4th 1141, 1145 (8th Cir. 2021). It does not. Ultimately the trigger has to be a "physical loss," which the businesses

here fail to allege. *See **Pentair, Inc. v. American Guarantee & Liab. Ins. Co.***, 400 F.3d 613, 616 (8th Cir. 2005).[2]

The parties dispute whether the policies' Virus Exclusion endorsement applies here, but that is only relevant if the businesses first allege a direct physical loss or damage. By failing to show any direct physical loss of or damage to property, the businesses fail to state a claim.

\* \* \* \* \* \* \*

The order granting summary judgment is affirmed.

_____

---

[2]Other circuits uniformly hold that government restrictions and business closures from COVID-19 do not constitute "direct physical loss of or damage to property." *See, e.g.*, ***10012 Holdings, Inc. v. Sentinel Ins. Co.***, 21 F.4th 216, 219 (2d Cir. 2021); ***Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.***, 22 F.4th 450, 453 (5th Cir. 2022); ***Santo's Italian Café LLC v. Acuity Ins. Co.***, 15 F.4th 398, 401-02 (6th Cir. 2021); ***Bradley Hotel Corp. v. Aspen Specialty Ins. Co.***, 19 F.4th 1002, 1004-05 (7th Cir. 2021); ***Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.***, 15 F.4th 885, 892 (9th Cir. 2021); ***Goodwill Indus. of Central Okla. v. Philadelphia Indem. Ins. Co.***, 21 F.4th 704, 710-11 (10th Cir. 2021).