# United States Court of Appeals

### For the Eighth Circuit

_____

## No. 21-1663

_____

Torgerson Properties, Inc.

*Plaintiff - Appellant*

v.

Continental Casualty Company

*Defendant - Appellee*

------------------------------

American Property Casualty Insurance Association; National Association of
Mutual Insurance Companies

*Amici on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: December 16, 2021
Filed: June 28, 2022

_____

Before SMITH, Chief Judge, GRUENDER and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Torgerson Properties, Inc. (TPI) develops and operates hotels, restaurants, and conference centers in Minnesota and Florida. It was covered by an all-risk property insurance policy issued by Continental Casualty Co. from May 1, 2019 through May 1, 2020. Relevant here are the policy's Business Interruption and Civil Authority/Ingress-Egress provisions. The Business Interruption clause "covers against loss resulting from necessary interruption of business caused by direct physical loss of or damage to covered property." TPI App. at 422. The other provisions cover

> the actual loss sustained:
> a. during the period of time while access to the Insured's *Location* is prohibited by order of civil authority, but only when such order is given as a direct result of physical loss or damage to property . . . or
> b. during the period of time when as a direct result of physical loss or damage to property . . . ingress to or egress from the insured's *Location* is thereby physically prevented.

*Id.* at 425 (italics denoting defined term).

Beginning in March 2020, state and local governments issued shutdown orders in response to the COVID pandemic, causing TPI to curtail its operations. TPI filed a claim for lost business income under the policy. It told Continental that it believed one employee and one visitor had "tested positive for the virus."

After Continental denied the claim, TPI sued for breach of contract. Continental moved to dismiss for failure to state a claim. The district court[1] granted Continental's motion, and TPI appealed. We review the grant of a motion to dismiss for failure to state a claim *de novo*. *Northstar Indus., Inc. v. Merrill Lynch & Co.,*

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

*Inc.*, 576 F.3d 827, 831 (8th Cir. 2009).   The parties agree that Minnesota law governs.

Insurance provisions covering "direct physical loss of or damage to property" are not triggered unless "there [is] some physicality to the loss or damage of property." *Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F.4th 1141, 1144 (8th Cir. 2021) (relying on Minnesota law).   Government orders that restrict the use or value of property, and which apply regardless of contamination status, are not a direct physical loss of property. *Id.* at 1145; *see also Source Food Tech., Inc. v. U.S. Fid. & Guar. Co.*, 465 F.3d 834, 837–38 (8th Cir. 2006) (ban on importing Canadian beef products due to mad cow disease outbreak, which applied to all beef products regardless of whether they were contaminated, was not direct physical loss).   Instead, the insured must allege that the property was actually contaminated. *See Oral Surgeons*, 2 F.4th at 1145; *see also Planet Sub Holdings, Inc. v. State Auto Prop. & Cas. Ins. Co., Inc.*, No. 21-2199, 2022 WL 1951615, at \*2 (8th Cir. June 6, 2022); *Monday Rests. v. Intrepid Ins. Co.*, 32 F.4th 656, 658 (8th Cir. 2022).

TPI tries to distinguish this case from *Oral Surgeons* by alleging that the virus was actually present on its property.   In an exhibit[2] attached to the Complaint, TPI states, "We believe that one employee has tested positive for the virus" and "[w]e believe that one visitor has tested positive for the virus."   But that is not enough. The policy requires that the direct physical loss *cause* the lost income:  the business interruption must be "caused by direct physical loss of or damage to covered property;" the order of civil authority must be "given as a direct result of physical loss or damage to property;" and ingress or egress must be prevented "as a direct result of physical loss or damage to property."   TPI has failed to show that causal link.  Contamination, as discussed above, is a direct physical loss; blanket shutdown orders are not.  TPI does not allege that it curtailed its business because it discovered the contamination.  Nor could it make such an allegation—the virus was present in,

---

[2]"[A]n exhibit to a pleading is a part of the pleading for all purposes."   Fed. R. Civ. P. 10(c).

at most, 2 of its 40 locations, but its insurance claim is for lost income from all locations. Further, there is no allegation that it shut down the contaminated locations to a greater extent or for a longer time period than the governmental orders required of all businesses, regardless of contamination status. The contamination did not cause TPI's business interruption; the shutdown orders did. TPI would have been subject to the exact same restrictions even if its premises weren't contaminated. And the cause of TPI's business interruption—governmental orders alone—is not a direct physical loss. The district court was correct to dismiss TPI's breach of contract action for failure to state a claim. We affirm.

_____