# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2919
_____

Rock Dental Arkansas PLLC; Rock Dental Missouri LLC

*Plaintiffs - Appellants*

v.

Cincinnati Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: February 17, 2022
Filed: July 21, 2022
[Published]

_____

Before SMITH, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

PER CURIAM.

Rock Dental Arkansas PLLC and Rock Dental Missouri LLC (Rock Dental) operate dental clinics in Arkansas and Missouri. After Rock Dental's insurer, Cincinnati Insurance Company (Cincinnati), denied coverage for Rock Dental's claims for losses related to the COVID-19 pandemic, Rock Dental sued for breach

of contract.  The district court[1] granted Cincinnati's motion to dismiss for failure to state a claim, and having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

We review the dismissal of a case for failure to state a claim de novo.  Kelly v. City of Omaha, 813 F.3d 1070, 1075 (8th Cir. 2016).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

We review the district court's interpretation of an insurance contract de novo. Peterson v. Travelers Indem. Co., 867 F.3d 992, 996 (8th Cir. 2017).  Under Arkansas law, "[t]he language in an insurance policy is to be construed in its plain, ordinary, and popular sense," and where interpretation is required, "the common usage of terms should prevail."  Phila. Indem. Ins. Co. v. Austin, 383 S.W.3d 815, 819–20 (Ark. 2011) (citation and quotations omitted).  If the language is unambiguous, then the "court will give effect to the plain language of the policy without resorting to the rules of construction."  Id. at 819–20.  "Language is ambiguous if there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one reasonable interpretation."  Elam v. First Unum Life Ins. Co., 57 S.W.3d 165, 169 (Ark. 2001).

## II.

Rock Dental's clinics were forced to suspend or reduce business operations due to COVID-19 and orders from state and local authorities that mandated the suspension of on-site, non-emergency services. Rock Dental alleges that it is entitled

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

to coverage for losses caused by the suspension of operations under two provisions of its insurance contract: Business Income coverage and Civil Authority coverage.

The Business Income coverage provides:

> We will pay for the actual loss of "Business Income" . . . you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct "loss" to property at a "premises" caused by or resulting from any Covered Cause of Loss.

The policy defines "Covered Causes of Loss" as "direct 'loss' unless the 'loss' is excluded or limited" elsewhere in the policy, and it defines "Loss" as "accidental physical loss or accidental physical damage."

In Oral Surgeons, P.C. v. Cincinnati Insurance Co., we held that this definition of "loss" requires "some physicality to the loss or damage of property—*e.g.*, a physical alteration, physical contamination, or physical destruction." 2 F.4th 1141, 1144 (8th Cir. 2021). We explained that the "policy cannot reasonably be interpreted to cover mere loss of use when the insured's property has suffered no physical loss or damage," id. (citing Pentair, Inc. v. Am. Guar. & Liab. Ins. Co., 400 F.3d 613, 616 (8th Cir. 2005)), and we affirmed dismissal of the plaintiffs' claims because they failed to allege any physical alteration of the property, id. at 1145; see also Monday Rests. v. Intrepid Ins. Co, 32 F.4th 656, 658 (8th Cir. 2022).

Rock Dental seeks to distinguish this case from Oral Surgeons in two ways. First, Rock Dental notes that Oral Surgeons was decided under Iowa law and thus does not control this case, where Arkansas law applies. However, both Iowa law and Arkansas law instruct courts to enforce unambiguous insurance contracts as written and give each term its ordinary meaning. Compare Austin, 383 S.W.3d at 819–20, with Nat'l Sur. Corp. v. Westlake Inv., LLC, 880 N.W.2d 724, 733–34 (Iowa 2016). Rock Dental fails to identify any principle of Arkansas law that differs from Iowa law in a material way.

Second, Rock Dental argues that, unlike the plaintiffs in Oral Surgeons, it has sufficiently alleged that COVID-19 particles were physically present at its properties or, alternatively, that one can infer the virus was present. In its complaint, Rock Dental alleges that "[t]he presence of COVID-19 caused direct physical loss of or damage to the covered property . . . by damaging and denying the full use of the covered property and by causing a necessary suspension of business operations." However, these allegations are just a "[t]hreadbare recital of" the policy's language, combined with "conclusory statements" that the coronavirus impaired Rock Dental's property in some unidentified way. See Iqbal, 556 U.S. at 678; see also Brown Jug, Inc. v. Cincinnati Ins. Co., 27 F.4th 398, 403 (6th Cir. 2022). Rock Dental has failed to plausibly allege that COVID-19 physically damaged its properties or that removal of any virus from its properties was required. See Planet Sub Holdings, Inc. v. State Auto Prop. & Cas. Ins. Co., 36 F.4th 772, 775–76 (8th Cir. 2022); Sandy Point Dental, P.C. v. Cincinnati Ins. Co., 20 F.4th 327, 335 (7th Cir. 2021) ("Sandy Point does not even attempt to describe how either the presence of the virus or the resulting closure orders physically altered its property. It points only to the loss of the property's 'intended use.' As we have explained, this is not enough."); see also Torgerson Props., Inc. v. Cont'l Cas. Co., --- F.4th ----, 2022 WL 2308932 (8th Cir. June 28, 2022); cf. Hampton Foods, Inc. v. Aetna Cas. & Sur. Co., 787 F.2d 349, 352 (8th Cir. 1986) (holding that insured grocery store "suffered direct, concrete and immediate loss due to extraneous physical damage to the building" where building had to be evacuated because of imminent danger of collapse). Rather, Rock Dental's complaint relies on the assertion that the "[t]he loss of use of property that has not been physically altered constitutes 'physical loss or damage.'" Oral Surgeons forecloses that argument and controls here. See 2 F.4th at 1144.

## III.

Finally, Rock Dental has not shown that it is entitled to coverage under the Civil Authority Coverage. Pursuant to that provision,

When a Covered Cause of Loss causes damage to property other than Covered Property at a "premises", we will pay for the actual loss of "Business Income" and necessary Extra Expense you sustain caused by action of civil authority that prohibits access to the "premises", provided that both of the following apply:

> (a) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage; and

> (b) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

This coverage thus requires allegations of physical loss of or damage to properties other than Rock Dental's clinics. Rock Dental's complaint contains no such allegations. Accord Planet Sub Holdings, 36 F.4th at 777; Brown Jug, 27 F.4th at 404.

We affirm the judgment of the district court.

_____