# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-1356
_____

K.C. Hopps, Ltd.

*Plaintiff - Appellant*

v.

The Cincinnati Insurance Company, Inc.

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: February 15, 2023
Filed: August 21, 2023
_____

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

K.C. Hopps, Ltd., sued its insurer, The Cincinnati Insurance Company, seeking coverage for lost business income incurred during the COVID-19 pandemic. Cincinnati moved for summary judgment based on K.C. Hopps's inability to show physical loss or damage, which the district court[1] denied. After the jury returned a

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

verdict for Cincinnati, K.C. Hopps renewed its motion for judgment as a matter of law and moved for a new trial. The district court denied both motions, and we affirm.

## I.

K.C. Hopps owns and manages bars, restaurants, catering services, and event spaces around Kansas City. In 2020, state and local governments began issuing shutdown orders in response to the COVID-19 pandemic. K.C. Hopps had to limit its operations, allegedly losing $2 million in business income. It filed a claim under its all-risk insurance policy with Cincinnati, which Cincinnati denied.

K.C. Hopps sued, alleging that Cincinnati breached the insurance policy by refusing to pay the claim. It attempted to distinguish its suit from other dismissed COVID-19 insurance suits by alleging that COVID-19 had physically damaged its properties by altering air particles and surfaces. Cincinnati moved for summary judgment, but the district court found that there was a genuine dispute about whether K.C. Hopps had suffered physical loss or damage.

The case went to a jury trial. At the close of evidence, K.C. Hopps and Cincinnati moved for judgment as a matter of law. The district court denied both motions, and the jury returned a verdict for Cincinnati. K.C. Hopps renewed its motion for judgment as a matter of law and moved for a new trial. The district court denied both motions. K.C. Hopps appeals.

## II.

We review *de novo* the denial of judgment as a matter of law, "using the same standards as the district court." *Howard v. Mo. Bone & Joint Ctr., Inc.*, 615 F.3d 991, 995 (8th Cir. 2010).

K.C. Hopps argues that it was entitled to coverage under two policy provisions: the General Coverage provision and the Business Income provision. Both provisions protect K.C. Hopps from "direct loss." The General Coverage provision protects K.C. Hopps from "direct 'loss'" that is "caused by or resulting from any Covered Cause of Loss." Joint App. 726. The Business Income provision covers lost business income due to the "necessary 'suspension' of [K.C. Hopps's] 'operations'" when the suspension was "caused by direct 'loss' to property at [the] 'premises.'" *Id.* at 804. The policy defines "loss" as "accidental *physical loss* or accidental *physical damage*." *Id.* at 761 (emphasis added).

As we explained in *Oral Surgeons, P.C. v. Cincinnati Insurance Co.*, 2 F.4th 1141 (8th Cir. 2021), this definition of loss requires "some physicality to the loss or damage of property—*e.g.*, a physical alteration, physical contamination, or physical destruction." *Id.* at 1144. And under the policy's terms, the direct physical loss or damage must *cause* the lost income. *See Torgerson Props., Inc. v. Cont'l Cas. Co.*, 38 F.4th 4, 6 (8th Cir. 2022).

K.C. Hopps alleged that COVID-19 particles were present at its properties. We have repeatedly rejected similar claims for COVID-19-related business interruptions because the insured did not sufficiently allege physical loss or damage. *See, e.g.*, *Olmsted Med. Ctr. v. Cont'l Cas. Co.*, 65 F.4th 1005, 1009–10 (8th Cir. 2023); *Rock Dental Ark. PLLC v. Cincinnati Ins. Co.*, 40 F.4th 868, 871 (8th Cir. 2022); *Planet Sub Holdings, Inc. v. State Auto Prop. & Cas. Ins. Co.*, 36 F.4th 772, 776 (8th Cir. 2022); *Oral Surgeons*, 2 F.4th at 1144–45; *Torgerson*, 38 F.4th at 5–6.

While contamination can be a direct physical loss, *see Torgerson*, 38 F.4th at 6, "SARS-CoV-2 is [not] the kind of contaminant that results in a 'direct physical loss,'" *see Olmstead*, 65 F.4th at 1010. Rather, "although SARS-CoV-2 may have a 'physical' element, it does not have a physical effect on real or personal property."

*Id.* (citation omitted). So even if K.C. Hopps had discovered COVID-19 at its properties,[2] it could not meet the standard for physicality.

Even if K.C. Hopps could show actual contamination of its properties, any possible contamination was not the cause of its lost business income. K.C. Hopps did not limit its operations because COVID-19 particles were found at its properties—it did so because of the shutdown orders. K.C. Hopps remained open until government orders limited its operations. And even if its premises weren't contaminated, K.C. Hopps "would have been subject to the exact same restrictions." *Torgerson*, 38 F.4th at 6. We conclude that the district court properly denied judgment as a matter of law.

III.

K.C. Hopps also moved for a new trial because of alleged errors in the jury instructions. "We review the denial of a motion for a new trial for a clear abuse of discretion, with the key issue being whether a new trial is necessary to prevent a miscarriage of justice." *Am. Fam. Mut. Ins. Co. v. Graham*, 792 F.3d 951, 957 (8th Cir. 2015) (cleaned up). "[E]ven where a jury instruction is erroneously given to the jury, reversal is warranted only where the error affects the substantial rights of the parties." *Brown v. Sandals Resorts Int'l*, 284 F.3d 949, 953 (8th Cir. 2002).

K.C. Hopps cannot show that any possible errors in the jury instructions impacted its substantial rights. K.C. Hopps presented no evidence that its premises were actually contaminated or that any possible contamination caused its lost income. Regardless of any errors in the jury instructions, the outcome would have been the same. *United States v. Davies*, 942 F.3d 871, 873 (8th Cir. 2019)

---

[2]Although K.C. Hopps alleged that COVID-19 was present at its properties, it presented no evidence that COVID-19 was actually found. *Cf. Lindenwood Female Coll. v. Zurich Am. Ins. Co.*, 61 F.4th 572, 574 (8th Cir. 2023) ("[W]e have not held that allegations of the virus's presence, standing alone, satisfy the *Oral Surgeons* standard.").

(explaining that an error affects substantial rights if there is a "reasonable probability that, but for the error, the outcome of the proceeding would have been different" (citation omitted)).  The district court did not abuse its discretion by denying K.C. Hopps a new trial.[3]

IV.

We affirm the district court's judgment.

_____

---

[3]Cincinnati also moved to strike Volume VII of the Joint Appendix.  We dismiss this motion as moot since we did not rely on Volume VII in considering this appeal.  *Stewart v. Pro. Comput. Ctrs., Inc.*, 148 F.3d 937, 940 n.3 (8th Cir. 1998).