# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3477
_____

Armory Hospitality, LLC

*Plaintiff - Appellant*

v.

Philadelphia Indemnity Insurance Company

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: October 18, 2023
Filed: December 11, 2023
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Armory Hospitality owns an event venue in Minneapolis, Minnesota, called the Armory. To slow the spread of COVID-19 early in the pandemic, Minnesota's Governor issued executive orders that closed bars, restaurants, and performance venues for more than a year. During that time, COVID-19 was widespread in Minnesota and significantly contaminated a medical center and a jail near the Armory.

Armory Hospitality had an insurance policy with Philadelphia Indemnity Insurance Company.  After reopening, Armory filed a claim to recover its business losses.  Philadelphia denied the claim, so Armory sued.  The district court[1] dismissed Armory's complaint, holding that the policy did not cover the losses.  Armory appeals, and we affirm.

We review the dismissal of Armory's complaint *de novo*.  *Par v. Wolfe Clinic, P.C.*, 70 F.4th 441, 445 (8th Cir. 2023).  To survive Philadelphia's motion to dismiss, Armory's "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  The parties agree that Minnesota law controls our interpretation of the insurance policy.  Under Minnesota law, "unambiguous [policy] language must be given its plain and ordinary meaning."  *C.S. McCrossan Inc. v. Fed. Ins. Co.*, 932 F.3d 1142, 1145 (8th Cir. 2019) (citation omitted).

Armory sought coverage under three clauses in its policy:  the Building Coverage clause, the Business Income clause, and the Civil Authority clause.[2]

---

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.

[2]The Building Coverage clause says that Philadelphia "will pay for direct physical loss of or damage to Covered Property . . . caused by or resulting from any Covered Cause of Loss."  The Business Income clause says that Philadelphia "will pay for the actual loss of Business Income [Armory] sustain[s] due to the necessary 'suspension' of [its] 'operations'" if the suspension is "caused by direct physical loss of or damage to [covered] property," which "must be caused by or result from a Covered Cause of Loss."  Coverage extends to "Business Income and Extra Expense incurred when [Armory's] covered [property] . . . is damaged by a covered Cause of Loss."  And the Civil Authority clause says that Philadelphia "will pay for the actual loss of Business Income [Armory] sustain[s] and necessary Extra Expense [Armory] incur[s] that is caused by action of civil authority that prohibits access to the [Covered Property] due to direct physical loss of or damage to property, other than at the [Covered Property], caused by or resulting from any Covered Cause of Loss."

The first two clauses require "direct physical loss of or damage to" Armory's property. Armory claims that it suffered "direct physical loss of or damage to" its property because it had to close it for over a year. But "provisions covering direct physical loss of or damage to property are not triggered unless there is some physicality to the loss or damage of property." *Torgerson Props., Inc. v. Cont'l Cas. Co.*, 38 F.4th 4, 5–6 (8th Cir. 2022) (cleaned up) (quoting *Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F.4th 1141, 1144 (8th Cir. 2021)). "[M]ere loss of use" does not satisfy this physicality requirement. *Oral Surgeons*, 2 F.4th at 1144; *see also Olmstead Med. Ctr. v. Cont'l Cas. Co.*, 65 F.4th 1005, 1009 (8th Cir. 2023) ("We have previously held under Minnesota law that 'loss of use or function' alone is not sufficient to establish 'direct physical loss or damage.'" (citation omitted)).

Armory tries to get around this physicality requirement by arguing that there is a distinction between "loss of" and "damage to" property. "[L]oss of" property, Armory says, plainly includes its inability to use its venue. That argument runs into a wall of precedent too. *See, e.g.*, *Planet Sub Holdings, Inc. v. State Auto Prop. & Cas. Ins. Co.*, 36 F.4th 772, 775–76 (8th Cir. 2022) (any "distinction[] between 'loss of' and 'damage to' property is irrelevant, because both require 'physicality'"); *Monday Rests. v. Intrepid Ins. Co.*, 32 F.4th 656, 658 (8th Cir. 2022) (similar).

Armory also argues that its policy is broader than others because it covers "direct physical loss of or damage to Covered Property . . . caused by or resulting from any Covered Cause of Loss" and defines "Covered Cause of Loss" as "Risks Of Direct Physical Loss." Armory reads this to mean that Philadelphia must pay for losses caused by *risks of* direct physical loss to its property—no actual physicality required. But the policy's definition of its covered *causes* does not magically eliminate its physicality requirement for covered *losses*. Because Armory has failed to plausibly allege any "direct physical loss of or damage to" its property, it cannot recover under the Building Coverage or Business Income clauses.[3]

---

[3]Armory asks that we certify to the Minnesota Supreme Court the question of how its policy's "Risks Of" language affects which losses are covered. There is no need. Minnesota law gives unambiguous policy language its plain and ordinary

The Civil Authority clause covers losses caused by an act of civil authority prohibiting access to Armory's property "due to direct physical loss of or damage to" other property. Armory argues that it can recover under this clause because a "hospital and [a] jail" near the Armory "were contaminated by COVID-19." But the Governor issued his executive orders to reduce the spread of COVID-19 statewide, not because of the conditions at those properties. *See, e.g.*, Off. of the Minn. Governor, Emergency Exec. Order No. 20-04, Providing for the Temporary Closure of Bars, Restaurants, and Other Places of Public Accommodation (Mar. 16, 2020). Armory cannot plausibly allege that the Governor would not have issued the orders if those properties had not been contaminated. *Cf. Torgerson Props.*, 38 F.4th at 6 (affirming dismissal of complaint because appellant failed to show "causal link" between COVID-19 contamination at its properties and the government shutdown orders). So Armory's argument fails.

Armory's path to recovery under its policy's Building Coverage and Business Income clauses is blocked by the physicality requirement, and its path under the Civil Authority clause is blocked by the causation requirement. So the district court properly dismissed Armory's complaint.

We affirm the district court's judgment.

———————————————

meaning, *C.S. McCrossan*, 932 F.3d at 1145, and we have done so, *see Anderson v. Hess Corp.*, 649 F.3d 891, 895 (8th Cir. 2011) ("[A]bsent a close question of state law or a lack of state guidance, a federal court should determine all the issues before it.").